UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-345-RJC

| | |
|---|---|
| GILBERTO ROBLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ALVIN W. KELLER, JR., Secretary of ) | |
| North Carolina Prisons, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment. (Doc. No. 8).

### I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who, on April 24, 2006, in Burke County Superior Court, pled guilty to assault with a deadly weapon with intent to kill inflicting serious injury ("AWDWIKISI"), robbery with a dangerous weapon, breaking or entering, second-degree kidnapping, and habitual impaired driving. The judgments were subsequently vacated. On August 4, 2008, Petitioner pled guilty in Burke County Superior Court to AWDWIKISI, common law robbery, breaking or entering, first-degree kidnapping, and habitual impaired driving. The plea bargain called for consecutive sentences totaling 259-331 months imprisonment.

On June 8, 2011, Petitioner filed a pro se motion for appropriate relief ("MAR") in Burke County Superior Court, alleging inter alia ineffective assistance of counsel and prosecutorial misconduct. (Doc. No. 1-1 at 17). After ordering a response from the State, the MAR Court

1

entered an Order on September 8, 2011, vacating the judgments and guilty plea entered August 4, 2008. See (Doc. No. 1-1 at 35; 42; 47).

On January 9, 2012, Petitioner entered his third guilty plea, in which he pled guilty pursuant to a new plea bargain, to AWDWIKISI, robbery with a dangerous weapon, and breaking or entering. (Doc. No. 1-1 at 43: Transcript of Plea). Petitioner was sentenced pursuant to the exact terms of his new plea bargain, to two consecutive mitigated range terms of 80-105 months, totaling 160-210 months, in cases 05 CRS 3738-40, and the remaining charges were dismissed. See (Id. at 43; 45; 46; 47). Petitioner was represented by Matthew Cabe. Petitioner was given credit for 2439 days served. (Id. at 47).

On June 4, 2012, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals, seeking review of the MAR Court's Order of September 8, 2011. Although the petition challenged the MAR Court's September 8, 2011, Order, Petitioner mentioned the fact that he had been re-sentenced in 2012. (Doc. No. 1-1 at 2). On June 18, 2012, the State filed a response. (Doc. No. 9-5). On June 21, 2012, certiorari was denied. (Doc. No. 1-1 at 1).

Petitioner dated his pro se federal habeas application form October 22, 2012, and it was stamp-filed in this Court on October 29, 2012. Petitioner contends: (1) he received ineffective assistance of counsel; (2) his right of due process was violated because the court imposed consecutive sentences; (3) his due process rights were violated because the court did not impose sentences at the bottom of the mitigated range; and (4) he was subjected to prosecutorial misconduct and vindictiveness.[1]

---

[1] Respondent filed the pending summary judgment motion on July 1, 2013. On July 3, 2013, the Court issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of his obligation to respond to the summary judgment motion. (Doc. No. 11). Petitioner did not file a response brief.

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the petition for writ of habeas corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A state court decision is contrary to clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [an opposite result][.]" Williams v. Taylor, 529 U.S. 362, 405 (2000); Lewis v. Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (quoting Williams, 529 U.S. at 405). A state court unreasonably applies federal law when it "identifies the correct governing legal rule from th[e Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case." Williams, 529 U.S. at 407; Lewis, 609 F.3d at 300-01 (stating that a state court unreasonably applies federal law when it "extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply[ ]") (citation and quotation marks omitted).

"[A]n unreasonable application of federal law is different from an incorrect application of federal law" for § 2254(d)(1) purposes. Williams, 529 U.S. at 410. The former requires a "substantially higher threshold" to obtain relief than does the latter. Schiro v. Landrigan, 550 U.S. 465, 473 (2007). A state court's determination that a claim fails on its merits cannot be overturned by a federal habeas court "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

A habeas court, therefore, must "determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the

4

holding in a prior decision of th[e Supreme] Court." Richter, 131 S. Ct. at 786. A petitioner has the burden of establishing that the state court decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87.

### III. DISCUSSION

#### A. Non-Exhaustion

Petitioner's current federal habeas petition is in an unusual procedural posture. As noted previously, Petitioner filed a pro se MAR on June 8, 2011, which MAR was granted by order dated September 8, 2011. In its Order, the MAR Court vacated Petitioner's August 4, 2008, guilty plea and judgments. On January 9, 2012, again pled guilty pursuant to a plea bargain, and was sentenced to consecutive terms totaling 160-210 months imprisonment. (Doc. No. 9-2 at 2-5). Petitioner then filed a pro se certiorari petition in the North Carolina Court of Appeals on June 4, 2012, seeking review of the MAR Court's Order of September 8, 2011, but mentioned the fact that he had been re-sentenced in 2012. Because Petitioner's MAR dated June 8, 2011, challenged a guilty plea and judgments which were vacated on September 8, 2011, that MAR was not a challenge to the <u>new</u> guilty plea and judgments entered on January 8, 2012, pursuant to a new plea bargain. In other words, Petitioner has not filed an MAR challenging his third and final plea entered on January 8, 2012. To properly exhaust his state remedies as required by 28 U.S.C. § 2254(b)(1)(A), Petitioner would need to file an MAR challenging his new January 9, 2012, guilty plea and judgments. See N.C. Gen. Stat. § 15A-1415(b) (2011). Then, if not satisfied with that court's decision, he would be required to file a certiorari petition in the North Carolina Court of Appeals seeking review of the MAR order. See N.C. GEN. STAT. § 15A-1422(c)(3) (2011) and N.C. R. APP. P. 21(e) (2013). At this point, however, Petitioner has failed

to properly and fully exhaust state remedies with regard to his new January 9, 2012, guilty plea and judgments. Despite that Petitioner has not exhausted his state remedies, this Court will, nevertheless, address Petitioner's claims on the merits. See 28 U.S.C. § 2254(b)(2).

B. Petitioner's Grounds for Relief

In support of Ground One, Petitioner contends that he received ineffective assistance of counsel based on counsel's failure to investigate the elements for the crimes for which Petitioner was charged, counsel's failure to object to the sentence imposed on Petitioner, and counsel's failure to provide an interpreter for Petitioner.[2]

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the

---

[2] Petitioner asserts that he is raising the same claim as in the first argument in his MAR. His first argument in his MAR, however, is not an ineffectiveness claim. Rather, it is a claim that he initially agreed to a 250-month sentence and not the 320-month sentence he received. Petitioner is most likely referring to the first argument in his certiorari petition, which is a claim of ineffective assistance of counsel.

petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

Petitioner's ineffective assistance of counsel claims are without merit, as they contradict his sworn, executed, transcript of plea. There, Petitioner, who had been through two prior guilty plea proceedings, and had been in the custody of the N.C. Department of Public Safety, and/or its predecessor the N.C. Department of Correction, for 2439 days, swore under oath in open court that he could hear and understand the trial court judge, and that he could read and write at the 10th grade level. See (Doc. No. 9-2 at 2). Petitioner also swore under oath that his lawyer explained the nature of the charges to him, and he understood every element of each charge, discussed possible defenses, and was satisfied with his lawyer's legal services. (Id.). Petitioner swore he was in fact guilty and the only terms or conditions of his plea bargain were as follows:

> Defendant pleads guilty to assault with a deadly weapon with intent to kill inflicting serious injury. State and Defendant agree that Defendant will receive a sentence of 80-105 months in the mitigated range. Defendant pleads guilty to robbery with a dangerous weapon. State and Defendant agree that Defendant will receive a sentence of 80-105 months in the mitigated range; this sentence to run at the expiration of the sentence imposed in 05 CRS 3738. Defendant pleads guilty to felony breaking and entering in 05 CRS 3740. The State agrees that this offense will be consolidated for judgment with the robbery offense. State dismisses the remaining charges. It is the intent of this plea agreement that Defendant receive a total active sentence of one hundred sixty (160) to two hundred ten (210) months.

(Id. at 4). Petitioner swore that no one made any other promises or threatened him in any way, in order to cause him to plead against his wishes. (Id.). He then received the full benefit of his plea bargain at sentencing.

Absent compelling circumstances not shown here, Petitioner is bound by his solemn in court representations during the plea colloquy. See Little v. Allsbrook, 731 F.2d 238 (4th Cir.

7

1984). Also, defense counsel certified that he explained to Petitioner the nature and elements of the charges to which he pled guilty. (Doc. No. 9-2 at 4). The prosecutor also certified that the terms and conditions of the plea were correct. (Id.). As the Supreme Court held in Blackledge v. Allison, 431 U.S. 63, 73-74 (1977), "the representations of the defendant, his lawyer, and the prosecutor at such a [guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Petitioner's conclusory statements in his pro se federal habeas petition are insufficient to breach the formidable barrier of Blackledge.

In addition, Petitioner's knowing, voluntary, and counseled guilty plea is itself constitutionally sufficient to prove every essential element of each charge, and leaves nothing remaining but sentencing. In other words, there is no more factual basis constitutionally required before entry of judgment. See Boykin v. Alabama, 395 U.S. 238 (1969) (requirements for valid guilty plea). The trial court's findings in accepting the plea are supported by Petitioner's responses during the plea colloquy and are presumed correct on federal habeas review. Petitioner has the burden to rebut these findings by "clear and convincing evidence," which he has not done here. See 28 U.S.C. § 2254(e)(1).

In his second ground for relief, Petitioner contends that his right to due process was violated because the court imposed consecutive sentences. As noted, Petitioner's plea bargain specifically called for two, consecutive 80-105 month sentences, for a total sentence of 160-210 months imprisonment. Petitioner received the full benefit of his plea bargain, and this claim fails for the same reason his first claim fails. Moreover, trial judges may impose consecutive sentences for multiple offenses without violating the constitutional right to a jury trial. See Oregon v. Ice, 555 U.S. 160, 164 (2009).

In his third ground for relief, Petitioner contends that his due process rights were violated because the trial court did not impose sentences at the bottom of the mitigated range. This claim is without merit. Here, Petitioner's plea bargain specifically called for two, consecutive mitigated range 80-105 month sentences, for a total sentence of 160-210 months imprisonment. (Doc. No. 9-2 at 4). Petitioner received the full benefit of his plea bargain, including dismissal of the remaining charges against him. Moreover, Petitioner's two, consecutive 80-105 month sentences fall within the mitigated range of punishments for Petitioner's Class C felonies at his prior record level III status, because they both have minimum terms falling within the mitigated range, i.e., 80 months. See N.C. GEN. STAT. § 15A-1340.17(c) and (e). Moreover, for the same reasons given for dismissing Petitioner's First and Second Grounds for Relief, Petitioner's third ground for relief is without merit.

In Ground Four, Petitioner contends that he was subjected to prosecutorial misconduct and vindictiveness. To establish prosecutorial misconduct, Petitioner must show (1) the government's conduct was improper; and (2) the conduct prejudicially affected substantial rights so as to deprive defendant of a fair trial. See United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007) (citing United States v. Golding, 168 F.3d 700, 702 (4th Cir. 1999)). The Supreme Court has held that in order to rise to the level of a due process violation, "the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." Greer v. Miller, 483 U.S. 756, 765 (1987) (quotations and citations omitted). Here, Petitioner has failed to meet his burden. None of Petitioner's conclusory assertions demonstrate any improper conduct by the prosecutor nor, has Petitioner shown any prejudice.

Regarding malicious or vindictive prosecution, a "presumption of regularity" attends decisions to prosecute. United States v. Armstrong, 517 U.S. 456, 464 (1996). To establish

malicious or vindictive prosecution, a defendant must show through objective evidence that "(1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus." United States v. Johnson, 325 F.3d 205, 210 (4th Cir.), cert. denied, 540 U.S. 897 (2003) (quoting United States v. Wilson, 262 F.3d 305, 314 (4th Cir. 2001)). In addition, "[t]he requirements for a selective-prosecution claim draw on ordinary equal protection standards." See Rowsey v. Lee, 327 F.3d 335, 343 (4th Cir. 2003) (quoting Armstrong, 517 U.S. at 465). "To succeed on a selective-prosecution claim, a defendant must demonstrate that the prosecutor's decision 'was based on an unconstitutional motive.'" Id. (quoting Wade v. United States, 504 U.S. 181, 185-86 (1992)). "[T]o dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present clear evidence to the contrary." Armstrong, 517 U.S. at 465 (quotation omitted).

Here, Petitioner has failed to meet his burden to establish a malicious or vindictive or selective prosecution, i.e., he has failed to show animus or any improper acts or omissions by the prosecutor or any improper or unconstitutional motive. Next, by entering his knowing, voluntary, and counseled guilty plea, Petitioner waived his current conclusory allegation of prosecutorial misconduct or vindictiveness. See Tollett v. Henderson, 411 U.S. 258 (1973).

In sum, Petitioner's Fourth Ground for Relief is without merit.

### IV.    CONCLUSION

For the reasons stated herein, Respondent is entitled to summary judgment.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 8), is **GRANTED** and the § 2254 petition is **DISMISSED** with prejudice.

2. It is further ordered that, pursuant to Rule 11(a) of the Rules Governing Section

2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 3, 2013

Robert J. Conrad, Jr.
United States District Judge